IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TYLER JOE MOSSOR,

                Plaintiff,

     v.                                         CASE NO. 21-3182-SAC

CHRISTOPHER MAGANA,

                Defendant.

**MEMORANDUM AND ORDER TO SHOW CAUSE**

This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis.

**The motion to proceed in forma pauperis**

This motion is governed by 28 U.S.C. § 1915(b). Because plaintiff is a prisoner, he must pay the full filing fee of $350.00 in installment payments taken from his prison trust account when he "brings a civil action or files an appeal in forma pauperis[.]" § 1915(b)(1). Pursuant to § 1915(b)(1), the court must assess an initial partial filing fee calculated upon the greater of (1) the average monthly deposit in his account or (2) the average monthly balance in the account for the six-month period preceding the filing of the complaint. Thereafter, the plaintiff must make monthly payments of twenty percent of the preceding month's income in his institutional account. § 1915(b)(2). However, a prisoner shall not be prohibited from bringing a civil action or appeal because he has no means to pay the initial partial filing fee. § 1915(b)(4).

The court has reviewed the financial records supplied in support of the motion and finds plaintiff's average monthly deposit is $67.17, and the average balance is $7.82. The court therefore assesses an

initial partial filing fee of $13.00, twenty percent of the average monthly deposit, rounded to the lower half dollar.

## Nature of the Complaint

Plaintiff alleges the defendant state district judge violated his constitutional rights by disregarding evidence of his incompetence at the time he imposed sentence. Plaintiff seeks declaratory judgment and other, unspecified relief.

## Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the

complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, 550 U.S. at 1974).

**Discussion**

The court has identified certain deficiencies in the complaint. First, the sole defendant, a state district court judge, is shielded by absolute judicial immunity. Judges are absolutely immune from a civil rights suit based on actions taken in their judicial capacity, unless they acted in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Plaintiff does not allege that the defendant acted without jurisdiction, rather, he argues the judge failed to consider evidence of his mental state. "An absolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of immunity." *Imbler v. Pachtman*, 424 U.S. 409, 419 n.13 (1976).

Next, to the extent plaintiff's complaint may be read to seek relief from the sentence imposed, his federal remedy lies in habeas corpus. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody*." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) (emphasis added). If plaintiff intends to challenge the legality of his sentence, he must present his claims in the Kansas state courts, including the appellate courts, before proceeding in federal habeas corpus under 28 U.S.C. § 2254.

Accordingly, the court will direct plaintiff to show cause why this matter should not be dismissed for failure to state a claim for relief against the defendant judge.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including **September 20, 2021,** to submit an initial partial filing fee of $13.00 to the clerk of the court.

IT IS FURTHER ORDERED plaintiff is granted to and including **September 20, 2021,** to show cause why this matter should not be dismissed for failure to state a claim for relief. The failure to file a timely response may result in the dismissal of this action on that ground without additional notice.

**IT IS SO ORDERED.**

DATED:  This 20th day of August, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge